IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

TEKEVA DESHUNA SHAW,

    Plaintiff,

v.                                                  Case No. 2:24-cv-02309-MSN-tmp

MEMPHIS POLICE DEPARTMENT,
*et al.*,

    Defendants.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

       Before the Court is the Chief Magistrate Judge's Report and Recommendation (ECF No. 13, "Report"), entered March 12, 2025. The Report recommends that Plaintiff Tekeva Deshauna Shaw's Complaint (ECF No. 1) be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted, among other reasons.

       The Plaintiff had fourteen (14) days to submit objections to the Report. (ECF No. 13 at PageID 27.) To date, Plaintiff has not submitted any objections.

**STANDARD OF REVIEW**

       Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the

evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

## DISCUSSION AND CONCLUSION

The Chief Magistrate Judge issued her Report on March 12, 2025. (ECF No. 13.) The Plaintiff had until March 31, 2025, to submit any objections to the Report's findings.[1] To date, no objections have been filed. The Court has reviewed the Report for clear error and finds none.

Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 13) in its entirety. Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED**, this 13th day of April, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to Federal Rule of Civil Procedure 6(d), when a party is served by mail under Rule 5(b)(2)(C), three additional days are added to the period in which they may act. Fourteen days from the entry of the Report fell on Saturday, March 29, 2025. Applying Rule 6(a)(1)(C), which excludes weekends when the last day falls on a Saturday, and Rule 6(d)'s three-day mailing extension, the objections deadline was Monday, March 31, 2025.